IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS GOINS,

        Plaintiff,                       No. 2:11-cv-0475 LKK KJN (TEMP) PS

    vs.

SACRAMENTO COUNTY, et al.,

        Defendants.           ORDER

_____/

        Plaintiff is proceeding in this action without counsel or "pro se" and in forma pauperis. Plaintiff has filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the amended complaint, plaintiff alleges claims under Title VII and the Americans with Disabilities Act. The conduct giving rise to plaintiffs claims occurred in 1988-1990. Plaintiff alleges he was unable to file the instant litigation until recently. Plaintiff was previously advised that the allegations regarding the tolling of the statute of limitations are insufficient. See Stoll v. Runyon, 165 F.3d 1238 (9th Cir. 1999) (equitable tolling applies when plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file timely claim). The amended complaint fails to cure the deficiencies evident in the original complaint. The court notes that in plaintiff's application to proceed in forma pauperis, plaintiff stated he was employed at a golf course for a ten-week period in 2010, which suggests plaintiff has not continuously been under such a mental impairment that he was precluded from filing the instant action at an earlier time. In the amended complaint, plaintiff also alleges that he took actions in 2009 to investigate his claims and filed a complaint with the Department of Fair Employment and Housing in 1994. There is no explanation as to why plaintiff waited until February 22, 2011,

to file the instant action. Moreover, with respect to exhaustion of administrative remedies, plaintiff submits a right to sue letter issued in 1990 allegedly for a complaint filed with the Department of Fair Employment and Housing in 1994. Plaintiff does not explain how he could be issued a right to sue letter four years before filing a complaint with the administrative agency. Because of these deficiencies, the court will dismiss the amended complaint but grant one final opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must also set forth allegations sufficient to toll the statute of limitations and must demonstrate exhaustion of administrative remedies.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file

1 an original and two copies of the second amended complaint; failure to file a second amended
2 complaint in accordance with this order will result in a recommendation that this action be
3 dismissed.
4 DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

goins2.lta