1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10  LOUIS E. GOINS, JR.,

11            Plaintiff,                No. CIV S-11-0475 LKK CKD PS

12       vs.

13

14  SACRAMENTO COUNTY et al.,

    ____            Defendants.              FINDINGS AND RECOMMENDATIONS

15  _____/

16            Plaintiff is proceeding in this action pro se and in forma pauperis.  This

17  proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C.

18  § 636(b)(1).  Plaintiff has filed a second amended complaint on September 14, 2011.  (See Dkt.

19  No. 10.)

20            Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

21  time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious,

22  fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

23  defendant.

24            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.

3          A complaint must contain more than a "formulaic recitation of the elements of a

4   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

5   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

6   "The pleading must contain something more...than...a statement of facts that merely creates a

7   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

8   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

9   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

10  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

11  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

12  the court to draw the reasonable inference that the defendant is liable for the misconduct

13  alleged."  Id.

14          In the second amended complaint, plaintiff alleges claims under Title VII and the

15  Americans with Disabilities Act.  The conduct giving rise to plaintiff's claims occurred in 1985-

16  1991.  Plaintiff alleges that he was unable to file the instant litigation until recently due to his

17  mental illness.  Plaintiff was twice previously advised that the allegations regarding the tolling of

18  the statute of limitations are insufficient.  See Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir.

19  1999) (equitable tolling applies when plaintiff is prevented from asserting a claim by wrongful

20  conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's

21  control made it impossible to file a timely claim).

22          The second amended complaint fails to cure the deficiencies evident in the

23  original and first amended complaints.  The court notes that in plaintiff's application to proceed

24  in forma pauperis, plaintiff stated that he was employed at a golf course for a ten-week period in

25  2010.  (See Dkt. No. 2.)  This suggests that plaintiff has not continuously been under such a

26  mental impairment that he was precluded from filing the instant action at an earlier time.  In the

1 second amended complaint, plaintiff also alleges that he filed a complaint with the Sacramento

2 County Grand Jury in 2009 to investigate the alleged misconduct.  (Dkt. No. 10, at p. 5.)  After

3 receiving no response, he sent a follow-up letter.  (Dkt. No. 10, at p. 5.)  Plaintiff further alleges

4 that he filed a complaint with the Department of Fair Employment and Housing on March 25,

5 1994.  (Dkt. No. 10, at p. 5, Ex. 4.)  There is no adequate explanation as to why plaintiff waited

6 until February 22, 2011, approximately *20 years after the challenged conduct* to file the instant

7 action.  His history of employment and efforts to initiate investigations and claims in other fora

8 indicate that plaintiff was not so impaired as to have been unable to bring the instant suit at an

9 earlier time.  Because plaintiff has already been given notice and two opportunities to allege

10 sufficient facts to invoke the doctrine of equitable tolling, but has failed to do so, further leave to

11 amend is not warranted.

12           For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

13           1.  The action be dismissed with prejudice, and

14           2.  The case be closed.

15           These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17 days after being served with these findings and recommendations, plaintiff may file written

18 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

19 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

20 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

21 F.2d 1153 (9th Cir. 1991).

22   Dated: October 19, 2011

23

24                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE
25

26   5
     Goins.475.ifp.fr.wpd

                                                     3