IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS E. GOINS, JR.,

        Plaintiff,                    No. CIV S-11-0475 LKK CKD PS

    vs.

SACRAMENTO COUNTY et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed a second amended complaint on September 14, 2011. (See Dkt. No. 10.)

        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In the second amended complaint, plaintiff alleges claims under Title VII and the Americans with Disabilities Act. The conduct giving rise to plaintiff's claims occurred in 1985-1991. Plaintiff alleges that he was unable to file the instant litigation until recently due to his mental illness. Plaintiff was twice previously advised that the allegations regarding the tolling of the statute of limitations are insufficient. <u>See</u> <u>Stoll v. Runyon</u>, 165 F.3d 1238, 1242 (9th Cir. 1999) (equitable tolling applies when plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a timely claim).

The second amended complaint fails to cure the deficiencies evident in the original and first amended complaints. The court notes that in plaintiff's application to proceed in forma pauperis, plaintiff stated that he was employed at a golf course for a ten-week period in 2010. (<u>See</u> Dkt. No. 2.) This suggests that plaintiff has not continuously been under such a mental impairment that he was precluded from filing the instant action at an earlier time. In the

second amended complaint, plaintiff also alleges that he filed a complaint with the Sacramento County Grand Jury in 2009 to investigate the alleged misconduct. (Dkt. No. 10, at p. 5.) After receiving no response, he sent a follow-up letter. (Dkt. No. 10, at p. 5.) Plaintiff further alleges that he filed a complaint with the Department of Fair Employment and Housing on March 25, 1994. (Dkt. No. 10, at p. 5, Ex. 4.) There is no adequate explanation as to why plaintiff waited until February 22, 2011, approximately *20 years after the challenged conduct* to file the instant action. His history of employment and efforts to initiate investigations and claims in other fora indicate that plaintiff was not so impaired as to have been unable to bring the instant suit at an earlier time. Because plaintiff has already been given notice and two opportunities to allege sufficient facts to invoke the doctrine of equitable tolling, but has failed to do so, further leave to amend is not warranted.

      For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

      1. The action be dismissed with prejudice, and

      2. The case be closed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 19, 2011

                              /s/ Carolyn K. Delaney
                              CAROLYN K. DELANEY
                              UNITED STATES MAGISTRATE JUDGE

5
Goins.475.ifp.fr.wpd